2017 Ark. App. 696

STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Appellant

v.

Alvaro ESPARZA, Appellee

No. CV–17–325

Court of Appeals of Arkansas,
DIVISION I.

Opinion Delivered December 13, 2017

Roy, Lambert, Lovelace, Bingaman & Wood, LLP, by: James Bingaman, Springdale, and Brian D. Wood, Fayetteville, for appellant.

LARRY D. VAUGHT, Judge

Appellant State Farm Mutual Automobile Insurance Company (State Farm) appeals the amount of attorney's fees that the Benton County Circuit Court awarded to appellee Alvaro Esparza pursuant to Arkansas Code Annotated section 23–89–208(f) (Repl. 2014) after a jury found in favor of Esparza on his claim for delayed payment of covered medical expenses. We affirm the fee award.

Alvaro Esparza and his two children were involved in a motor-vehicle accident on October 15, 2013. Esparza was insured by State Farm, and his policy included medical-payment coverage of $5,000 per person. Esparza and his children were injured in the accident, and he subsequently submitted their medical expenses to State Farm for payment under the policy. State Farm refused to pay. He and his children then brought suit, through their attorney Ken Swindle, to recover the unpaid medical expenses. Swindle also represented Esparza and his children in their personal-injury lawsuit against the other motorist, and they had entered into written attorney-client agreements with Swindle in which they agreed to pay him a percentage of their recovery.

After a two-day trial, the jury awarded Esparza and his children a combined total of $12,535 in delayed medical-expense payments. Esparza and his children then filed a motion for attorney's fees pursuant to section 23–89–208(f), which provides:

(f) In the event the insurer is required by the action to pay the overdue benefits, the insurer shall, in addition to the benefits received, be required to pay the reasonable attorney's fees incurred by the other party, plus twelve percent (12%) penalty, plus interest thereon from the date these sums became overdue.

The court awarded $21,197.50 in attorney's fees based on an hourly rate calculation. On appeal, State Farm does not contest that Esparza is entitled to an award of attorney's fees or that the fee award represented a reasonable rate and number of hours worked. The only issue on appeal is whether an hourly fee award was permissible when Esparza and his children had entered into a contingency-fee agreement.

Under the American rule, parties bear their own litigation expenses, and attorney's fees are not allowed except when expressly provided for by statute or contract. *Chrisco v. Sun Indus.*, 304 Ark. 227, 800 S.W.2d 717 (1990). An award of attorney's fees will not be set aside absent an abuse of discretion by the circuit court. *Nissan N. Am., Inc. v. Harlan*, 2017 Ark. App. 203, at 12–13, 518 S.W.3d 89, 97 (citing *Chrisco*, 304 Ark. 227, 800 S.W.2d 717). While the decision to award attorney's fees and the amount awarded are reviewed under an abuse-of-discretion standard, we review factual findings by a circuit court on the existence of the *Chrisco* factors[1] under a clearly errone-

---

1. In *Chrisco,* the Arkansas Supreme Court held that a circuit court's award of fees, while discretionary, should be informed by consid- eration of the experience and ability of the attorney, the time and labor required to perform the legal service properly, the amount

ous standard of review. *Davis v. Williamson*, 359 Ark. 33, 194 S.W.3d 197 (2004). Due to the circuit court's intimate acquaintance with the record and the quality of service rendered, we also recognize the superior perspective of the trial judge in assessing the applicable factors.

■ . State Farm argues that, because Esparza and his children entered into a written attorney-client agreement in which Swindle agreed to represent them for a set percentage of what they recovered,[2] and because the award of fees exceeded that percentage, the fee award violated the statute's authorization to award the "fees incurred" by the party. While this argument is persuasive, it fails for one very simple reason: the contingency-fee contract on which State Farm relies was applicable only to Swindle's representation of the Esparzas in their personal-injury case and did not apply to the Esparzas' claim for delayed medical payments.

The circuit court was presented with ample evidence to conclude that the contingency-fee contract did not apply to Swindle's work on the Esparza's delayed medical-payments claim. The contract specifically refers to "damages sustained," and it references the date of the motor-vehicle accident. The contract also anticipates that a copy of the agreement may eventually be served on "the defendant or any insurance company of the defendant" for purposes of establishing an attorney's lien, which seems to indicate that the anticipated defendant is the tortfeasor, not an insurance company. Most telling, however, is the fact that Esparza executed an affidavit, which was submitted to the circuit court, explicitly stating that the contingency-fee contract was solely for the purposes of representation in the personal-injury case and that "it was never my intention that my attorney take as an attorney fee a percentage of my medical bills won in [this] case." Esparza also submitted a letter from Swindle to State Farm's attorney that specifically warned of the hours Swindle had already expended working on this case, the additional hours he would likely incur if the case went to trial, and the type of hourly fee he had previously been awarded in a similar delayed medical-payments case against State Farm. Swindle's letter invited State Farm to settle the delayed medical-payments case and warned of the potential for a high hourly fee award if the case went to trial. This letter clearly indicates that it was Swindle's understanding and intention to pursue this case on an hourly fee basis. Therefore, we hold that it was not an abuse of discretion for the circuit court to award attorney's fees based on an hourly fee calculation rather than a contingency-fee calculation.

Affirmed.

Klappenbach and Whiteaker, JJ., agree.

---

involved in the case and the results obtained, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, whether the fee is fixed or contingent, the time limitations imposed on the client or by the circumstances, and the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer. *Chrisco*, 304 Ark. at 229, 800 S.W.2d at 718.

2. The contingency-fee agreement entitled Swindle to forty percent of the amount recovered if the case went to trial.